O’Neill, J.,
dissenting.
{¶ 20} I respectfully disagree with the conclusion reached by the majority regarding the sanction in this disciplinary case. In short, I fail to find any meaningful difference between what Judge Steven Terry did and what Judge Bridget McCafferty did in Ohio State Bar Assn. v. McCafferty, 140 Ohio St.3d 229, 2014-Ohio-3075, 17 N.E.3d 521. Both were involved in the corruption scandal of Cuyahoga County officials Jimmy Dimora and Frank Russo. Judge McCafferty was given an indefinite suspension by this court. The majority in this case has decided to go one step further and disbar Judge Terry, which is the functional equivalent of the death penalty for a lawyer.
{¶ 21} In one case, McCafferty was found to have repeatedly lied to FBI agents while sitting at her kitchen table. Those lies involved her participation in a justice-for-sale scheme. She continued to lie to the agents in spite of being told by the agents that they had recorded her conversations. Judge Terry was caught perjuring himself in court about his involvement in the justice-for-sale scheme with the same parties. This is clearly an act of dishonesty that cannot be tolerated from lawyers, let alone judges. And for that action he has been imprisoned. So the question before us today is the tragic weighing of the danger to the public of both acts of dishonesty.
{¶ 22} Simply stated, the question is, “Are lies told to federal agents any less objectionable than lies told under oath to a court?” No. They both represent *175 dishonesty that is used to avoid detection of wrongful acts. Both actors tried to cover up their involvement in the corruption. Both should suffer the same consequence, because they are equally culpable.
Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.
Koblentz & Penvose, L.L.C., Richard S. Koblentz, Nicholas E. Froning, and Bryan L. Penvose, for respondent.
{¶ 23} To be clear, I am not condoning the actions of either of these two former judges. However, an indefinite suspension is more than sufficient to protect the public from future misbehavior from either person. For all practical purposes, it will be another five years before Terry could even consider applying for reinstatement. He would then have the formidable task of convincing the majority of this court at that time that he has changed his life and has something positive to offer the people of this state. The prospects of that happening are no doubt slim, but I have trust in my colleagues to make the right decision at that time. I see no benefit to slamming that door shut at this time. He made a mistake and he is paying for it today. Disbarment is inappropriate.
{¶ 24} Accordingly, I must dissent.